**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3172
_____

JOHN GORDON,
                    Appellant

v.

GREG S. GORDON; LISA FERRARO, a/k/a Herb&Lydia; EXTRA SPACE STORAGE
INC; GWYN MCNEAL; CORA GINSBURG LLC; MARTINA D'AMATO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-01820)
Magistrate Judge:  Honorable Martin C. Carlson (sitting by consent)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2026

Before: HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: July 21, 2026)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se litigant John Gordon ("Gordon") appeals from the judgment of the United States District Court for the Middle District of Pennsylvania entered in this civil action that Gordon brought against his two siblings.[1]  For the reasons that follow, we will modify the District Court's judgment and affirm that judgment as modified.

I.

Gordon lives in Pennsylvania, and his two siblings — Lisa Ferraro and Greg Gordon ("the Siblings") — live in other states (Florida and New York, respectively).  In 2024, Gordon sued the Siblings in the District Court.  Gordon's complaint, which invoked the District Court's diversity jurisdiction under 28 U.S.C. § 1332(a), alleged that the Siblings "engaged in a series of unlawful activities before and after the death of their mother, including 'death threats, intense harassment, pressure, insidious machination, extortion, coercion, larceny, slander, scorn, [and] criminal mischief,' in an effort to reduce [Gordon's] rights and take over [their mother's] estate."  Dist. Ct. Mem. Op. entered Apr. 29, 2025, at 1 (first alteration in original) (quoting Gordon's complaint).  The Siblings, through counsel, subsequently moved to dismiss the complaint for, inter alia, lack of personal jurisdiction, failure to comply with Federal Rule of Civil Procedure 8's short-and-plain-statement requirement, and failure to state a claim upon which relief may be granted.  On April 29, 2025, the District Court dismissed the complaint for failure

---

[1] In this case, a United States Magistrate Judge presided over the District Court proceedings pursuant to the parties' consent.  *See* 28 U.S.C. § 636(c)(1).  Accordingly, we will refer to the Magistrate Judge as "the District Court."

2

to comply with Rule 8, explaining that "the complaint, as currently pleaded, is simply too vague and unclear to determine whether a cause of action exists." *Id.* at 2. That dismissal was without prejudice to Gordon's ability to file an amended complaint.

Thereafter, Gordon filed an amended complaint.[2] The Siblings then moved to dismiss that pleading for the same reasons that undergirded their earlier motion to dismiss. On August 29, 2025, the District Court granted the Siblings' new motion and dismissed them from the case with prejudice. In doing so, the District Court began by determining that Gordon had once again failed to comply with Rule 8, explaining that his amended complaint "all too often leaves defendants having to guess what of the many things discussed constituted [a cause of action]." Dist. Ct. Mem. Op. entered Aug. 29, 2025, at 10 (alteration in original) (internal quotation marks omitted). The District Court then proceeded to (1) construe the amended complaint as raising claims under Pennsylvania state law for "intentional and negligent infliction of emotional distress and for conspiring to inflict severe emotional distress upon [Gordon] during the course of the resolution of their mother's estate," *id.* at 11, (2) conclude that those claims lacked merit, and (3) state that further amendment of his pleadings "is likely futile" due to lack of proper venue, *id.* at 15.

---

[2] That pleading was brought against the Siblings and other defendants. But Gordon later voluntarily dismissed his claims against those other defendants.

3

Next, Gordon timely moved the District Court to alter or amend its August 29, 2025 decision pursuant to Federal Rule of Civil Procedure 59(e).  On October 8, 2025, the District Court denied that motion.  This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We may affirm the District Court's judgment on any basis supported by the record.  *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As noted earlier, lack of personal jurisdiction was one of the arguments undergirding the Siblings' motions to dismiss.  We agree that personal jurisdiction over the Siblings is lacking, and we conclude that this jurisdictional defect dooms this case.  For these reasons, we do not (and need not) reach the District Court's Rule 8 analysis, its determination that Gordon's tort claims lacked merit, or its discussion of venue.[3]

"Personal jurisdiction over a defendant may be either general or specific."  *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (en banc).  General jurisdiction lies "when the plaintiff's claim arises out of that defendant's continuous and systematic contacts with the forum state," while specific jurisdiction "is present when the cause of action arises from the defendant's forum related activities."  *Id.* (internal quotation marks

---

[3] The District Court stated that it did not need to reach the Siblings' jurisdictional arguments "[b]ecause [it] ha[s] chosen to address the merits of [Gordon's amended] complaint."  Dist. Ct. Mem. Op. entered Aug. 29, 2025, at 15.  But the Supreme Court has explained that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

4

omitted). "The Supreme Court has articulated two tests for specific jurisdiction: (1) the 'traditional' test—also called the 'minimum contacts' or purposeful availment test, and (2) the 'effects' test." *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (citations omitted). "Under the traditional test, the plaintiff must show that the defendant has minimum contacts with the forum such that [the defendant] purposefully avail[ed] [himself/herself] of the privilege of conducting activities within the forum and [invoked] the benefits and protections of [the forum's] laws." *Id.* (second and fifth alterations in original) (internal quotation marks omitted). Meanwhile, the effects test requires the plaintiff to show that "(1) [t]he defendant committed an intentional tort; (2) [t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) [t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007).

Gordon's pleadings, liberally construed, do not allege facts that trigger the District Court's general or specific jurisdiction over the Siblings. Gordon's allegations appear to revolve around a series of events that took place in New York (where their mother lived). We see nothing in his pleadings that could sufficiently connect the Siblings to Pennsylvania. And it appears that further amendment would be futile. Accordingly, it was appropriate to dismiss Gordon's case for lack of personal jurisdiction.

In view of the above, we will (1) modify the District Court's judgment so that its

5

dismissal of this case is without prejudice for lack of personal jurisdiction, *see EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1048-49 (3d Cir. 1993) (explaining that a dismissal for lack of personal jurisdiction is one without prejudice), and (2) affirm that judgment as modified.[4]  The Siblings' motion to supplement the appendix with material from the District Court record is granted.

---

[4] We have considered the arguments in Gordon's briefing, and none has merit.  To the extent that Gordon seeks sanctions against the Siblings' counsel and the imposition of costs against the Siblings, those requests are denied.